Amy M. Samberg
Nevada Bar No. 10212
Alaina C. Stephens
Nevada Bar No. 13512
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
7455 Arroyo Crossing, Suite 220
Las Vegas, Nevada 89113
Telephone: 702-761-6572
E-Mail: asamberg@fgppr.com
        astephens@fgppr.com

*Attorneys for Defendant*
*Travelers Casualty Insurance*
*Company of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIRAGE HOLDERS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a foreign Corporation, DOES I through X, Inclusive, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.   2:15-cv-01986-RFB-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to stipulation of the parties, and for good cause appearing:

IT IS HEREBY ORDERED to preserve and maintain the confidentiality of certain proprietary documents to be produced in this action, it is ordered that:

1.    All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation, and shall not be disclosed to any person except in accordance with the terms hereof.

2.    Confidential Information, as used herein, means any information of any type, kind or character which is in good faith designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information

- 1 -

revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information, the public disclosure of which information would cause harm to the party producing the information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

3. Qualified Persons, as used herein means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Independent technical experts or consultants, who have been retained by a party to render an opinion and to testify to such an opinion, and who have signed a document in the form attached as Exhibit "A", agreeing to be bound by the terms of this Stipulated Protective Order (such signed document to be in the files of the attorney retaining the expert or consultant, to be filed upon any offer of testimony by the expert, by the attorney retaining such person);

(c) The party or the parties, or if the party is an entity, an officer or other designee of the party.

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved by the producing party for inspection upon reasonable demand.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a

party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Stipulated Protective Order.

The Parties further agree the entirety of each deposition transcript shall be deemed Confidential and the producing party shall initiate a meet and confer within 30 days after receipt of the deposition transcript to discuss those portions of the deposition which need not be deemed Confidential.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above

(b) Copies of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s) and stored in a secure place. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. No party or Qualified Person shall, for itself, make more copies of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") documents than are reasonably necessary to conduct this litigation.

(c) Each party's outside counsel shall be responsible for all copies made of such documents and things designated as "Confidential."

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by sequential number within thirty (30) days of the entry of this Stipulated Protective Order. If any party inadvertently produces or initially discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Stipulated Order, and shall forward appropriately stamped copies

of the items in question.

8. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person, subject to Paragraph 5 above.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Stipulated Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties, may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Stipulated Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

- 4 -

    (a)    is in the public domain at the time of disclosure, as evidenced by a written document;

    (b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c)    the receiving party can show by a written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. Prior to filing any documents with the Court that contain any portion of any Classified Information or information taken from any Classified Information, that party must file a motion seeking an order sealing the documents. A copy of the motion to seal must be served on all parties that have appeared in the case.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Stipulated Protective Order.

13. Within thirty (30) days of the conclusion of this case, the parties shall notify each other that all reasonable efforts have been made to retrieve and destroy any other copies of the materials so designated within this Order. Parties' counsel may keep for the period of time required for file retention under the Rules of Professional Responsibility, the produced copy of materials designated so that the file of the parties' counsel is complete and available to counsel to support all professional decisions and choices made during the course of the litigation.

14. This Stipulated Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchange herein;

15. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be

responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

DATED this 7ᵗʰ day of ~~February~~ March, 2016.   DATED this 26 day of February, 2016.

FORAN GLENNON PALANDECH    KEATING LAW GROUP
PONZI & RUDLOFF, PC


By: *Alaina Stephens*    By: [signature]
Amy M. Samberg    John T. Keating
NV Bar No. 10212    Nevada Bar No. 6373
Alaina C. Stephens,    9130 W. Russell Road, Suite 200
NV Bar No. 13512    Las Vegas, NV 89148
7455 Arroyo Crossing, Ste. 220    *Attorney for Plaintiff*
Las Vegas, NV 89113
*Attorneys for Travelers Casualty Insurance Company of America*

## ORDER

IT IS SO ORDERED.

DATED this 10th day of March, 2016.

[signature]

~~DISTRICT COURT~~ JUDGE
United States Magistrate

## EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MIRAGE HOLDERS, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; DOES I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>    Defendants. | CASE NO.: 2:15-cv-01986-RFB-VCF<br><br>WRITTEN ASSURANCE REGARDING STIPULATED PROTECTIVE ORDER |

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the foregoing Stipulated Protective Order and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), that are furnished to me as set forth in the Stipulated Protective Order.

2. I further agree (i) will not disclose to anyone any documents, material or information marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") other than as set forth in the Stipulated Protective Order; and (ii) not to make any copies of any documents, material or information marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") furnished to me except for use in accordance with the Stipulated Protective Order; and (iii) not to use any documents or information produced or provided to me in connection with this

1  litigation for any purposes other than those prosecuting and/or defending this action as set forth in
2  paragraph 8 of the Stipulated Protective Order
3    3. I agree that my signature below submits me to the jurisdiction of the District Court, District
4  of Nevada in which the action of *Mirage Holders, LLC v. Travelers Casualty Insurance Company of*
5  *America*, Case *No. 2:15-cv-01986* is pending, and binds me to the provisions of the Stipulated Protective
6  Order, including to all promises undertaken in the Stipulated Protective Order, as if originally agreed by me.
7  **FURTHER AFFIANT SAYETH NOT.**
8  This _____ day of _____, 201___.

                 _____
                 Signature

SUBSCRIBED AND SWORN to before me
this ___ day of _____, 201___.

_____
NOTARY PUBLIC